IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KIRA (US) INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-00919 ) ) |
| KEENAN SAMMAN and DEEPJUDGE AG, | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF KIRA (US) INC.'S MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiff Kira (US), Inc. ("Kira"), moves this Court, pursuant to Fed. R. Civ. P. 65, for entry of an *ex parte* temporary restraining order ("TRO") enjoining Defendant Keenan Samman ("Samman") on an immediate basis from continuing to violate Samman's noncompete agreement through employment with DeepJudge AG ("DeepJudge"). As more fully described and set forth within Kira's Memorandum in Support of its Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction, filed contemporaneously herewith, a temporary restraining order—followed by a preliminary injunction—is the only adequate remedy to preserve the status quo and prevent immediate irreparable harm to Kira.[1]

Injunctive relief is available when the plaintiff is likely to succeed on the merits, the damage is irreparable, and the remedy at law is inadequate. *Sarsour v. Trump*, 245 F. Supp. 3d

---

[1] Kira files contemporaneously with this Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction a Motion for Expedited Discovery related to the issues described herein. With permission from the Court, Kira intends to supplement its Memorandum in Support of Its Motion for *Ex Parte* Temporary Restraining Order and Preliminary Injunction with information learned through expedited discovery and in advance of the preliminary injunction hearing.

1

719, 728 (E.D. Va. 2017). Here, Kira can show all elements to enable the Court to grant injunctive relief. After entering into Noncompete Agreements with Kira that included noncompete and nondisclosure provisions, Samman went to work for Kira's direct competitor, DeepJudge, and engaged in Competitive Activity within the proscribed Restricted Area. Samman, prior to announcing his resignation from Kira, downloaded large quantities of "Proprietary Information" and "Confidential Information" in violation of the nondisclosure covenants in his Noncompete Agreements in an apparent attempt gather competitive information to use against Kira in connection with his new role as Chief Revenue Officer for DeepJudge.

As Kira's memorandum of points and authorities explains, Kira satisfies all of the required elements for injunctive relief here. First, Kira is likely to succeed on the merits of its claims against Samman for breach of contract. As the accompanying filings and evidence show, Samman's conduct violates the noncompetition and nondisclosure restrictive covenants within his Noncompete Agreements with Kira. Although DeepJudge was put on notice of the valid and enforceable restrictive covenants in Samman's Noncompete Agreements, DeepJudge continued the onboarding process nonetheless thereby inducing Samman to continue his breach. Hence, Kira can establish substantial likelihood of success on the merits.

Second, Kira will suffer irreparable harm absent injunctive relief. Therefore, a temporary restraining order and/or preliminary injunctive relief is necessary to prevent Samman from violating his Noncompete Agreements and continuing to cause irreparable harm, injury, and damage to Kira. *See Update, Inc. v. Samilow*, 311 F. Supp. 3d 784, 796 (E.D. Va. 2018) (citation omitted) (concluding that the "threat of a permanent loss of customers and the potential loss of goodwill . . . support a finding of irreparable harm"); *Atl. Diving Supply, Inc. v. Moses*, No. 2:14-CV-380, 2014 WL 3783343, at *7 (E.D. Va. July 31, 2014) (analyzing restrictive covenant under

Delaware law and concluding that the plaintiff was likely to succeed on the merits, had shown and stipulated to irreparable harm resulting from a breach, and that the balance of the equities and public interest weighed in the plaintiff's favor).

Third, balance of the equities favors Kira, because Kira has established the likelihood of immediate irreparable harm though his continued employment and likely use of confidential and proprietary information with DeepJudge were this injunction not issued, and Kira has established that little to no harm will occur to Samman.

Fourth, this injunction is in the public interest because the injunction furthers public policies. This injunction protects the interests of Kira and the public in lawful competition and honoring contractual obligations.

Lastly, no bond or only a nominal bond should be required here because Restrictive Covenants Agreement expressly dispenses with the need to post any bond and, regardless, because the facts reflect Samman will suffer little, if any, damage as a result of a TRO and preliminary injunction.

**WHEREFORE**, Kira asks this Court to grant its Motion for *Ex Parte* Temporary Restraining Order and/or Preliminary Injunction, and enter an Order:

1. Enjoining Samman from working for DeepJudge in violation of his restrictive covenants and other contractual obligations as laid out in his Noncompete Agreements;

2. Enjoining Samman from disclosing or using any "Proprietary Information" or "Confidential Information" he took from Kira in violation of his contractual obligations as laid out in his Noncompete Agreements;

3. Awarding Kira such other legal or equitable relief as the Court deems just and proper.

Date:  July 13, 2023

                                              Respectfully submitted,

                                              */s/ Michael J. Schrier*
                                              Michael J. Schrier (VA Bar No. 65916)
                                              George E. Stewart (VA Bar No. 91097)
                                              **HUSCH BLACKWELL LLP**
                                              1801 Pennsylvania Ave., NW, Suite 1000
                                              Washington, DC  20006
                                              T: (202) 378-2313
                                              F: (202) 378-2319
                                              michael.schrier@huschblackwell.com
                                              george.stewart@huschblackwell.com

                                              *Counsel for Plaintiff Kira (US) Inc.*

**Fed.R.Civ.P. 65(b)(1(B) Certification of Efforts to Provide Notice**

Since June 30, 2023, I have been in communication with Joy C. Einstein, Esq. from the law firm of Shulman Rodgers regarding efforts to ensure Defendants' compliance with the Noncompete Agreements. Ms. Einstein represented both Defendants in connection with my June 26, 2023 Cease and Desist letters and subsequent efforts to attempt a resolution to this matter without litigation. Since June 30, 2023, I have repeatedly advised Ms. Einstein that litigation was likely and asked Ms. Einstein whether she or her firm will represent Defendants in the event of litigation and/or will accept service of process. In response, Ms. Einstein provided noncommittal responses. Regardless, today I am serving email copies of the Complaint, this Motion For *Ex Parte* Temporary Restraining Order And Preliminary Injunction, and all other papers filed today in connection with the above captioned matter to Ms. Einstein at jeinstein@shulmanrogers.com so as to provide Defendants with notice of this Motion. To the extent Ms. Einstein or her firm are representing Defendants in this litigation, then Defendants will have proper notice. To the extent neither Ms. Einstein nor her firm are representing Mr. Samman in this litigation, then further notice should not be required and the Court should proceed to grant the *ex parte* relief requested.

*/s/ Michael J. Schrier*
Michael J. Schrier (VA Bar No. 65916)
**HUSCH BLACKWELL LLP**
1801 Pennsylvania Ave., NW, Suite 1000
Washington, DC  20006
T: (202) 378-2313
F: (202) 378-2319
michael.schrier@huschblackwell.com

4857-7007-2430.3

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2023, the above and foregoing document was filed electronically using the Court's CM/ECF system. The CM/ECF system will send the document and a notification of such filing (NEF) to all counsel of record.

In addition, a copy of the foregoing document will be sent via U.S. Mail and electronically to:

Joy C. Einstein, Esq.
Shulman Rogers
12505 Park Potomac Ave.
Potomac, MD  20854
jeinstein@shulmanrogers.com

*/s/  Michael J. Schrier*
Michael J. Schrier
*Attorney for Plaintiff*
